**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL ACTION NO. 21-159-DLB**

**ANGELA M. DAVIS**                                                            **PLAINTIFF**

**v.**                              **MEMORANDUM OPINION AND ORDER**

**KILOLO KIJAKAZI, Acting Commissioner**
**of the Social Security Administration**                       **DEFENDANT**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Plaintiff Angela M. Davis' Motion[1] for Summary Judgment (Doc. # 13), pursuant to 42 U.S.C. § 405(g), which allows her to obtain judicial review of an administrative decision by the Commissioner of Social Security.  Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration ("SSA"), has also filed a Cross Motion for Summary Judgment.  (Doc. # 18).  The Court, having reviewed the administrative record and the parties' motions, and for the reasons set forth herein, **affirms** the Commissioner's decision.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On September 18, 2019, Davis filed an application for Disability Insurance Benefits under Title II of the Social Security Act alleging disability as of November 1, 2015.  (Tr. 527-528).  Davis was thirty-seven years old at the onset of her alleged disability that rendered her unable to work.  (Tr. 527).  Her application was denied at the initial level on October 24, 2019, and upon reconsideration on November 18, 2019.  (Tr.

---

[1] Plaintiff also filed a Motion for 18 Page Brief.  (Doc. # 13-1).

435, 447).   Davis appealed and testified at an administrative hearing before Administrative Law Judge ("ALJ") Jonathan Stanley, who denied Davis' appeal on July 29, 2020.  (Tr. 37).  , ALJ Stanley found that that Davis was not disabled under the Social Security Act and thus not entitled to benefits.  (*Id.*).  The decision became final on April 20, 2021, when the Appeals Council denied Davis' request for review.  (Tr. 1).

## II.   DISCUSSION

### A.   Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729-30 (6th Cir. 2007) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)).  "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health & Hum. Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)).  Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations.  *Id.* (citing *Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

Rather, the Court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the Court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  In other words, if supported by substantial evidence, the Commissioner's findings must be affirmed even if there is evidence favoring Plaintiff's

2

side.  *Id.*; *see also Listenbee v. Sec'y of Health & Hum. Servs.*, 846 F.2d 345, 349 (6th Cir. 1988).  In determining whether the Commissioner's conclusion is supported by substantial evidence, courts "must examine the administrative record as a whole."  *Cutlip*, 25 F.3d at 286.

### B.    The ALJ's Determination

To determine disability, an ALJ conducts a five-step analysis.  *Walters*, 127 F.3d at 529.  Under Step One, the ALJ considers whether the claimant is engaged in substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform.  *See id.* (citing 20 C.F.R. § 404.1520). The burden of proof rests with the claimant for Steps One through Four.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).  At Step Five, the burden of proof "shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity."  *Id.* (citing *Bowen*, 482 U.S. at 146 n.5).

Here, at Step One, ALJ Stanley found that Davis had not engaged in substantial gainful activity since the alleged onset disability date of November 1, 2015, through her date last insured of December 31, 2018.  (Tr. 30).  At Step Two, ALJ Stanley determined that Davis had the following severe impairments: bilateral knee pain, bilateral ankle pain, obesity, major depressive disorder, and anxiety disorder.  (*Id.*).  At Step Three, ALJ Stanley determined that Davis did not have any impairment or combination of

impairments that meet or medically equal the severity of any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (Tr. 31).

ALJ Stanley then determined that Davis possessed the residual functional capacity ("RFC") to perform "light work" as defined in 20 C.F.R. § 404.1567(b), with the following modifications and limitations:

> [The claimant] can occasionally push and pull using the lower extremities; can occasionally climb stairs and ramps, but cannot climb ropes, ladders and scaffolds; can occasionally balance (with "balancing" defined as maintaining body equilibrium to prevent falling when walking[,] standing, crouching or running on narrow, slippery, or erratically moving surfaces); can occasionally stoop, kneel, crouch and crawl; can occasionally operate foot controls; must avoid concentrated exposure to vibration; cannot work at unprotected heights or around hazards such as heavy equipment; can understand, remember and carry out simply instructions and make simple work-related judgments; can maintain adequate attention and concentration to perform simple tasks on a sustained basis with normal supervision; can manage and tolerate simple changes in the workplace routine; can adapt to the pressures of simple routine.

(Tr. 32-33).  ALJ Stanley concluded at Step Four that Davis was unable to perform any past relevant work as a teacher's aid, night auditor, checker, stocker, industrial cleaner, and surging machine operator.  (Tr. 35).

At Step Five, ALJ Stanley concluded that due to Davis' age, education, work experience, and RFC, a significant number of jobs exist in the national economy that she can perform.  (Tr. 36).  Based on the opinion of a Vocational Expert ("VE"), ALJ Stanley determined that Davis could perform several occupations, such as clerical worker, sales attendant, and ticket-taker/attendant, despite her limitations.  (*Id.*).  Consequently, ALJ Stanley concluded that Davis was not disabled as defined by the Social Security Act at any time from November 1, 2015, through December 31, 2018, the date last insured.  (Tr. 37).

## C.     Analysis

Davis argues that ALJ Stanley's decision was not supported by substantial evidence because (1) the "overwhelming weight of the treating and examining physician opinions" prove that Davis is totally disabled; (2) Davis' lay testimony proves that she is disabled; (3) ALJ Stanley failed to apply the Sixth Circuit "pain standard" and the relevant factors; and (4) the VE's testimony also proves that Davis is disabled.  (Doc. # 13-3 at 2-17).

### 1.     *Physician Opinions*

 Davis cites to various diagnostic records (*id.* at 4-8) to argue that the "overwhelming weight of the treating and examining physician opinions prove" Davis is totally disabled.  (*Id.* at 10).  However, these documents do not constitute a medical opinion under SSA regulations; instead, they fall under the category of "other medical evidence."  *See* 20 C.F.R. § 404.1513(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) . . . ."); *see also id.* (a)(3) ("Other medical evidence is evidence from a medical source that is not objective medical evidence . . . including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment . . . or prognosis.").  While ALJ Stanley must *consider* this evidence, he was not required to address these documents individually because, instead of being treated as medical opinions, they are simply records that indicate Davis' symptoms and diagnoses—nothing in the Code of Federal Regulations requires that he discuss each piece of diagnostic and treatment information.[2]  (Doc. # 13-3 at 4-8); 20 C.F.R. § 404.1520(3) ("We will

---

[2]     For example, Davis cites to her physical therapy treatment diagnoses and reports.  (Doc. # 13-3 at 4-5).  However, these documents only list diagnoses and do not constitute a medical

consider all evidence in your case record when we make a determination or decision whether you are disabled."); *see generally* 20 C.F.R. §§ 404.1520b, and 404.1520c (explaining how medical opinions and other evidence are considered).

Even so, ALJ Stanley did address the issues listed by Davis.  For example, Davis cites to medical records indicating she has knee pain.  (Doc. # 13-3 at 4, 6).  ALJ Stanley explicitly discussed that "[p]ertinent records do show that claimant has bilateral knee joint pain.  However, an X-ray in March 2018 of claimant's right knee was unremarkable."  (Tr. 34).  Indeed, Davis now cites the same medical documentation in her argument that ALJ Stanley cited to in his decision.  (*Compare* Doc. # 13-3 at 4 *with* Tr. 34).  The remaining records Davis cites relate to repeated documentation of hypertension, obesity, anxiety, and depression.  (Doc. # 13-3 at 5-8).  Again, ALJ Stanley considered these diagnoses.  When discussing Davis' obesity, ALJ Stanley stated that he "has given consideration to the effects of the claimant's obesity at all steps of the sequential evaluation process, including in determining [her] residual functional capacity" and that "consideration will be given to any functional limitations resulting from the obesity . . . ."  (Tr. 34).  Likewise, he addressed Davis' anxiety and depression: "[t]he record indicates that claimant has depression and anxiety.  However, these impairments seem reasonably well controlled by medication."  (*Id.*).  This conclusion is supported by treatment notes—as documented by physician Gina D'Costa, Davis' anxiety and depression were stable.  (Tr. 664).  Indeed, Davis' medical records show that her anxiety and depression medications were simply adjusted or unchanged throughout her

---

opinion.  Moreover, an ALJ is "not required to give [a physical therapist's] opinion any particular weight because 'a physical therapist is not recognized as an acceptable medical source.'" *Amburgey v. Comm'r Soc. Sec.*, 751 F. App'x 851, 868 (6th Cir. 2018) (quoting *Nierzwick v. Comm'r of Soc. Sec.*, 7 F. App'x 358, 363 (6th Cir. 2001) (citations omitted)).

treatment.  (Tr. 643, 648, 651, 653, 667, 684, 688, 692).  Ultimately, ALJ Stanley did find that Davis struggled with anxiety and depression (Tr. 30), as discussed in more detail below, but did not find that she was disabled.

ALJ Stanley was required to consider the entire record, which he did.  *See Gooch v. Sec'y of Health & Hum. Servs.*, 833 F.2d 589, 592 (6th Cir. 1987) (noting that an ALJ should consider the entire record, combination of impairments, and that requiring a more elaborate articulation would not be reasonable). Simply reciting the medical evidence that ALJ Stanley already considered is insufficient to prove ALJ Stanley did not rely on substantial evidence; instead, it points to a disagreement with his conclusions, which this Court will not resolve so long as those conclusions are supported by substantial evidence.  Here, ALJ Stanley was either not required to specifically address the records on which Davis relies or he already considered them.   Therefore, ALJ Stanley's conclusions regarding the extent of Davis' conditions were supported by substantial evidence.

## 2.   *Lay Testimony*

Davis' second argument is that ALJ Stanley failed to consider her work record and other relevant factors in determining her credibility and that he also failed to clearly articulate his reasons for rejecting Davis' credibility.  (Doc. # 13-3 at 10-12).  However, the Court should not review credibility determinations when they are supported by substantial evidence.  *See Cutlip*, 25 F.3d at 286 (citing *Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)); *see also Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 531 (6th Cir. 2014) (noting that courts generally defer to an ALJ's credibility determination).

Additionally, 20 C.F.R. § 416.1529(c)(4) explains that the ALJ "will consider whether there are any inconsistencies in the evidence and the extent to which there are *any conflicts between your statements and the rest of the evidence* . . . ." (emphasis added). Here, ALJ Stanley's reasons for questioning Davis' credibility were clear—the "medical record is scant . . . [t]he undersigned finds persuasive the opinions of the state agency consultants . . . who found claimant to have a light exertional capacity." (Tr. 34). Indeed, Drs. Steven Arkin and Douglas Back both documented findings aligned with ALJ Stanley's conclusion that Davis could perform light work—they both noted Davis could occasionally perform all postural activities except for the ability to frequently climb ramps/stairs. (Tr. 431-433, 443-444).

Moreover, ALJ Stanley did not completely reject Davis' credibility. To Davis' benefit, ALJ Stanley did *not* find the opinion of the state agency psychological consultant Mary K. Thompson persuasive because she found Davis had no severe mental impairments; rather, ALJ Stanley relied on Davis' hearing testimony, function report, and her fiancé's third-party report to "warrant a finding of severe anxiety and depression." (Tr. 35). ALJ Stanley found parts of Davis' statements credible, while he also agreed with state agency physicians Drs. Arkin and Back. In accordance with 20 C.F.R. § 416.1529(c)(4), ALJ Stanley considered whether there were conflicts between Davis' statements and the rest of the evidence. For all these reasons, the Court finds that ALJ Stanley's conclusion that Davis' testimony was not entirely consistent with the evidence in the record was supported by substantial evidence.

### 3.   *Pain Standard*

Davis also takes issue with ALJ Stanley's consideration of her reported pain.

(Doc. # 13-3 at 13).  Specifically, Davis alleges that ALJ Stanley failed to consider the factors set forth in 20 C.F.R. § 416.1529(c)(2) in analyzing her pain, which is effectively another disagreement with ALJ Stanley's credibility determination.  (*Id.* at 14). However, the "Sixth Circuit has stated that an 'ALJ's credibility findings are unchallengeable,' and entitled to deference due to 'the ALJ's unique opportunity to observe the claimant and judge [her] subjective complaints.'" *Latham v. Comm'r of Soc. Sec.*, No. 16-CV-10690, 2017 WL 1173773, at *2 (E.D. Mich. Mar. 30, 2017) (quoting *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 113 (6th Cir. 2010)).

The first sentence of § 416.1529 makes clear that "[i]n determining whether you are disabled, we consider all your symptoms, *including pain*, and the extent to which your symptoms *can reasonably be accepted as consistent with the objective medical evidence and other evidence.*" (emphasis added).  As discussed above, ALJ Stanley articulated his reasons for rejecting parts of Davis' statements as inconsistent with the medical evidence and other evidence.  Davis' fiancé reported that Davis engaged in light cooking, light cleaning, regularly went grocery shopping, and that she could handle some stress.  (Tr. 561-565).  Davis' self-report indicated that she did not need any help with personal care (Tr. 551); she is "the only one who knows how to cook in the house" so she will make complete meals when able (Tr. 552); that she can do laundry and sweep (Tr. 553); and that she drives her son to and from school every day (Tr. 553). At the hearing before ALJ Stanley, Davis also indicated that she drives to the grocery store and typically cooks and cleans.  (Tr. 48-49, 63).  Davis also reported that her pain was a 5/10 on a numeric scale.  (Tr. 662).  Consequently, substantial evidence existed to support ALJ Stanley's credibility determination as to Davis' level of pain.

### 4.    *VE Testimony*

Davis makes one final argument—the VE's testimony proves Davis' disabled status.  (Doc. # 13-3 at 16-17).  Davis cites to the hearing transcript, in which ALJ Stanley posed a hypothetical to the VE:

> Q  For hypothetical number three, which is my last hypothetical, independent of the previous hypotheticals already posed, I'd like you to assume both in combination and separately that the hypothetical individual will be off task 20 percent or more of the workday due to problems with attention and concentration and/or cannot manage and tolerate changes in the workplace setting even in the simple unskilled work environment and/or will require frequent, unscheduled breaks throughout the workday, in addition to normal breaks and/or will routinely miss three or more days of work per month and/or cannot sit, stand and walk in combination for a full workday. Just looking at those five limitations, not taking into account any of the limitations previously posed in hypothetical one or hypothetical two, could the hypothetical individual perform any of the past work you described?
>
> A  No, your honor.
>
> Q  Could the hypothetical individual perform any other work at any exertional level on a sustained, competitive basis?
>
> A  No.
>
> Q  Would any of those five limitations standing alone, be sufficient to eliminate all work at all exertional levels?
>
> A  Yes, it would.

(Tr. 70-71).  Davis claims this hypothetical describes her and therefore proves she is disabled. (Doc. # 13-3 at 17).  However, Davis cites to nothing in the record that supports the assertion that this hypothetical adequately describes her.  To the contrary, Davis aligns more with the first hypothetical ALJ Stanley posed to the VE as it matches his ultimate determination of Davis' RFC.  (Tr. 67-68).  In response to that hypothetical, the VE indicated that the hypothetical individual could perform work at the light level.  (Tr. 68).

10

ALJ Stanley "*may* rely on a vocational expert's response to a hypothetical question if that question was based on limitations that were properly credited by [ALJ Stanley] and supported by substantial evidence in the record." *Keeton*, 583 F. App'x at 533 (emphasis added). ALJ Stanley must have relied on the first hypothetical more so than the third as he incorporated the jobs listed in the VE's response to that specific hypothetical in his decision. (*Compare* Tr. 36 *with* Tr. 68). Ultimately, Davis has not proven, based on her briefing and the record, that the third hypothetical clearly described her status. As such, this argument also fails to show that ALJ Stanley did not rely on substantial evidence in his determination.

## III.   CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)    The decision of the Commissioner is supported by substantial evidence and is hereby **AFFIRMED**;

(2)    Plaintiff's Motion for 18 Page Brief (Doc. # 13-1) is hereby **GRANTED**;

(3)    Plaintiff's Motion for Summary Judgment (Doc. # 13) is hereby **DENIED**;

(4)    The Commissioner's Motion for Summary Judgment (Doc. # 18) is hereby **GRANTED**;

(5)    This civil action is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(6)    A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 23rd day of June, 2022.



Signed By:

_**David L. Bunning**_

United States District Judge

K:\DATA\SocialSecurity\MOOs\Lexington\21-159 Davis MOO.docx